IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THOMAS PLUMLEY and AUBREY PLUMLEY, <br>   Plaintiffs, <br><br> vs. <br><br><br> LIBERTY INSURANCE CORPORATION <br>   Defendant | § § § § § § § § § § | Civil Action No.  16-cv-01965 <br> (JURY) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Liberty Insurance Corporation (referred to as "Defendant" or "Liberty"), timely files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), removing this action from the 286th Judicial District Court, Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division and in support thereof show as follows:

### A.    Introduction

1.    Plaintiff commenced this lawsuit against Defendant Liberty Insurance Corporation in the 268th Judicial District Court, Fort Bend County, Texas on, or about, May 8, 2016.  Liberty was served with this lawsuit on May 31, 2016.  A copy of the Original Petition and Service Documents are attached as Exhibit A.

2.    Defendant is filing this Notice of Removal within 30 days of its first receipt of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b).

3.    Plaintiff seeks to recover damages in this lawsuit based on allegations of breach of contract, breach of the duty of good faith and fair dealing and violations of the Texas

Insurance Code violations resulting from the alleged conduct of Defendant.  Plaintiff's claims against Liberty arise under a homeowner's policy of insurance issued by Defendant, Liberty Mutual Fire Insurance Company on Plaintiff's residential property located in Brazoria County, Texas, which is alleged to have been damaged when a hail and/or wind storm struck the roof.  Plaintiffs allege they have suffered property damage as a result of the hail and/or wind storm.

### B.     Jurisdiction & Removal

5.     This Court has jurisdiction in the case pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between the parties.  Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

6.     Plaintiffs are citizens of the State of Texas.  Liberty Insurance Corporation organized under the laws of the State of Massachusetts with its principal place of business located in Boston, Massachusetts.

7.     The removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  That requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount.  *Id*.  Items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages – just not interest or costs.  *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  If a state statute provides for attorneys' fees, such fees are included as part of the amount in controversy.  *Manguno*, *Id*.  Here the combination of Plaintiffs' allegations and

claim for damages in the Original Petition demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

8. Plaintiffs' Original Petition states, "Plaintiffs seek only monetary relief of no less than $100,000 but not more than $200,000." Therefore, it is apparent from the face on the Petition that the amount in controversy exceeds $75,000.

9. Alternatively, assuming *arguendo* that Plaintiffs statement for monetary relief is not a "specific monetary demand", the amount in controversy still apparently exceeds $75,000. Plaintiffs' Original Petition seeks damages for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code and violations of the Texas DTPA. The petition requests actual damages, investigative and engineering fees, court costs, plus attorneys' fees. Further, the petition alleges the Defendant's actions were committed knowingly indicating they are seeking treble damages and/or exemplary damages.

10. The amount in controversy, per *St. Paul Reinsurance* and *Manguno*, includes the following elements of damages:

- Plaintiffs ' actual damages (contract) for his losses under the insurance policy
- Damages for violations of the Texas Insurance Code and DTPA(statutory extra-contractual)
- Mental anguish
- Statutory Attorneys' fees

11. When the applicable damages for determining the amount in controversy as spelled out in *St. Paul Reinsurance* and *Manguno* are compared with the Plaintiffs' Original Petition it becomes clear that the amount in controversy in this case is above $75,000.

12. Also as demonstrated below, Defendant reasonably believes the amount in controversy exceeds $75,000. Plaintiffs' demand includes an estimate for property damage totaling $50,510.72. Pls. Pet. P. 11, para. 52; (See Exhibit "B"). Plaintiffs' further seek treble damages, 18% per annum penalty on the claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. Pls. Pet. P. 11, paras. 53 & 54. The alleged treble damages alone in this matter amount to $151, 532.16. Therefore, the amount in controversy exceeds $75,000.

13. Further, as this case progresses, Plaintiffs' claims for attorneys' fees as well as interest will rise. *St. Paul Reinsurance* and *Manguno* require all of the damage elements to be considered when determining the amount in controversy. This includes consideration of the policy limits. In this case, the policy limit for the dwelling is $196,500 and the limit for Other Structures is $19,650. (See Exhibit "C"). When all these elements are considered, the amount in controversy exceeds $75,000.

14. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

15. Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 268th Judicial District Court of Fort Bend County pursuant to 28 U.S.C. § 1446(d).

16. Attached hereto are all documents required by LR 81, USDC/SDTX Local Rules and 28 U.S.C. § 1446(a).

17. Defendant demands a jury in the state court action. Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure and LR 38.1, USDC/SDTX Local Rules.

18. All fees required by law in connection with this Notice have been tendered and paid by Defendant.

WHEREFORE, Liberty Insurance Corporation hereby removes the above-captioned matter now pending in the 268th Judicial District Court, Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**


By:  \_\_/s/ *J. Mark Kressenberg*_____
J. Mark Kressenberg, Attorney in Charge
JKressenberg@sheehyware.com
Fed. Adm. No. 7793
Texas State Bar No. 11725900
Sophia L. Lauricella
Slauricella@sheehyware.com
Fed. Adm. No. 2764855
Texas State Bar No. 24070107
909 Fannin Street
Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier

**ATTORNEYS FOR DEFENDANT LIBERTY INSURANCE CORPORATION**

2537650

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Federal Rules of Civil Procedure on this the 5th day of July, 2015, to the following counsel of record:

Jesse S. Corona
The Corona Law Firm, PLLC
2611 Cypress Creek Parkway, Suite H-200
Houston, Texas 77068
(281) 882-3531
(713) 678-0613 (facsimile)

/s/ *J. Mark Kressenberg*_____
J. Mark Kressenberg