Exhibit A



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 15231046**
**Date Processed: 06/06/2016**

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |

| | |
|---|---|
| **Entity:** | Liberty Insurance Corporation<br>Entity ID Number  2538339 |
| **Entity Served:** | Liberty Insurance Corporation |
| **Title of Action:** | Thomas Plumley vs. Liberty Insurance Corporation |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Montgomery County District Court, Texas |
| **Case/Reference No:** | 16-06-06390 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 06/06/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# CITATION

Cause Number: 16-06-06390

Clerk of the Court
Barbara Gladden Adamick
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Chad T. Wilson
1322 Space Park Dr, Suite A155
Houston TX, 77058

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:   Liberty Insurance Corporation
      Agent Corporation Service Company
      211 East 7th St, Ste 620
      Austin TX 78701-3218

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable County Court at Law #2 Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition, Jury Demand, and Request for Disclosure was filed in said court on this the 31st day of May, 2016 numbered 16-06-06390 on the docket of said court, and styled, Thomas Plumley, Aubrey Plumley VS. Liberty Insurance Corporation

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition, Jury Demand, and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 2nd day of June, 2016.

(SEAL)

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By: _Patsy Fletcher_ _____
    Patsy Fletcher, Deputy

# OFFICER'S RETURN

Cause No. 16-06-06390                    Court No: County Court at Law #2
Style: Thomas Plumley, Aubrey Plumley VS. Liberty Insurance Corporation
To:       Liberty Insurance Corporation
Address:  Agent Corporation Service Company
          211 East 7th St, Ste 620
          Austin TX  78701-3218

Came to hand the ___ day of _____, 20__, at _____ o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's Original Petition, Jury Demand, and Request for
Disclosure, at the following times and places, to wit:
Name          Date/Time       Place, Course and distance from Courthouse
_____ _____       _____

Manner of service:    ****Certified Mail****

*And not executed as to the defendants(s)_____
The diligence used in finding said defendant(s) being:
_____
And the cause of failure to execute this process is:
_____
And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy      $_____
TOTAL                          $_____

                               _____ OFFICER
                               _____ County, Texas
                                        By: _____, Deputy
                                 AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107: the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is_____ my date of birth is ___/___/____, and my
address is_____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____ County, State of _____, on the ___ day of
_____, 20____.

                                   _____
                                   Declarant/Authorized Process Server

                                   _____
                                   ID# & Exp. Of Certification

Service Copy

Received and E-Filed for Record
5/31/2016 3:24:35 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

16-06-06390

CAUSE NO. _____

| | | |
|---|---|---|
| THOMAS PLUMLEY and | § | IN THE DISTRICT COURT |
| AUBREY PLUMLEY, | § | |
| **Plaintiffs,** | § | Montgomery County - DC - County Court at Law #2 |
| | § | |
| V. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| LIBERTY INSURANCE CORPORATION | § | |
| Defendant. | § | |
| | § | \_\_\_\_\_ DISTRICT COURT |

---

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Thomas and Aubrey Plumley, Plaintiffs herein, and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Liberty Insurance Corporation ("Liberty" or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiffs, Thomas and Aubrey Plumley, reside in Montgomery County, Texas.

3.    Defendant, Liberty Insurance Corporation, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Liberty Insurance Corporation through its registered agent, **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701 -3218**. Plaintiffs request service at this time.

## JURISDICTION

4.   The Court has jurisdiction over Liberty Insurance Corporation because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Liberty's business activities in the State of Texas, including those in Montgomery County, Texas, with reference to this specific case.

## VENUE

5.   Venue is proper in Montgomery County, Texas because the insured property is located in Montgomery County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Montgomery County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.   Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.   Plaintiffs own a Liberty Insurance Corporation homeowner's insurance policy, number H37-298-052352-70 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 489 Merrimac Park, Conroe, Texas 77302 ("the Property").

8.   Liberty or its agent sold the Policy, insuring the Property, to Plaintiffs.  Liberty represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' home.  Liberty has refused the full extent of that coverage currently owed to Plaintiffs.

9.   On or about July 9, 2015, the Property sustained extensive damage resulting from a severe storm that passed through the Montgomery County, Texas area.

2

10.     In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to Liberty against the Policy for damage to the Property.  Liberty assigned claim number 032300164-01 to Plaintiffs' claim.

11.     Plaintiffs asked Liberty to cover the cost of damage to the Property pursuant to the Policy.

12.     Liberty assigned or hired its agent to adjust the claim.

13.     Liberty, through its agent, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

14.     Liberty hired or assigned its agents to inspect and adjust the claim and conducted an inspection of Plaintiffs' Property after the wind and hailstorm that caused Plaintiffs' damages.  Liberty used the inspection results as the basis for denying Plaintiffs' claim and leaving them without any recovery with which to conduct necessary repairs.

15.     Liberty has ultimately refused full coverage which includes, but is not limited to, replacement of the roof, exterior damage, and severe interior damage caused by the hail and wind event. Specifically, the public adjuster hired to review the damage after Liberty denied Plaintiffs' claim found that damage to the entirety of the Property's 34.33 square roof and estimated $8,274.14 for its replacement.  In addition to the damaged shingles, the public adjuster noted severe damage to the asphalt starter, ridge cap, ridge vent, drip edge, valley metal, chimney flashing, pipe jack flashing, flashing 20", step flashing, exhaust cap, rain cap, furnace vent, and skylight.  Damage was found on every elevation of Plaintiffs' exterior and the garage roof.  Leaks in the ceiling that resulted from the storm cause damage to the downstairs living room, dining room, bar, closet, foyer, hallway, bathroom, kitchen, office, breakfast room, master bathroom, laundry room. Upstairs the stairway, game room

3

and bedroom closet were also damaged.

16. The damage to Plaintiffs' Property is currently estimated at $50,510.72.

17. Since due demand was made on March 21, 2016, Liberty has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

18. As stated above, Liberty failed to assess the claim thoroughly. Based upon Liberty's grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Liberty failed to provide full coverage due under the Policy.

19. As a result of Liberty's failure to provide full coverage, along with Liberty's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

20. Liberty failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Liberty refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

21. Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Liberty and Plaintiffs.

22. Liberty's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Liberty has not attempted to settle Plaintiffs' claim in a fair manner, even though Liberty was aware of their liability to Plaintiffs under the Policy. Specifically, Liberty has failed to timely pay Plaintiffs' coverage due under the

4

Policy.

23.     Liberty's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Liberty failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

24.     Liberty's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Liberty refused to provide full coverage due to Plaintiffs under the terms of the Policy. Specifically, Liberty, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

25.     Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Liberty failed to reasonably accept or deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

26.     Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Liberty failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Liberty has delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received full payment for their claim.

27.     Defendant's wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## LIBERTY INSURANCE CORPORATION

### BREACH OF CONTRACT

28.     Liberty is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and

intentional breach of the common law duty of good faith and fair dealing. It follows, then,

that the breach of the statutory duties constitutes the foundation of an intentional breach of

the insurance contract between Liberty and Plaintiffs.

29.     Liberty's failure and/or refusal to pay adequate coverage as obligated under the terms of

the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance

contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

30.     Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair

Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are

actionable by TEX. INS. CODE §541.151.

31.     Liberty's unfair settlement practice of misrepresenting to Plaintiffs material facts relating

to coverage constitutes an unfair method of competition and a deceptive act or practice in

the business of insurance. TEX. INS. CODE §541.060(a)(1).

32.     Liberty's unfair settlement practice of failing to attempt in good faith to make a prompt,

fair, and equitable settlement of the claim, even though liability under the Policy was

reasonably clear, constitutes an unfair method of competition and a deceptive act or

practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

33.     Liberty's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable

explanation of the basis in the Policy, in relation to the facts or applicable law, for

6

underpayment of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

34. Liberty's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

35. Liberty's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

36. Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

37. Liberty's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

38. Liberty's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

39. Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

7

40.     Liberty's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Liberty knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

41.     Liberty's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Liberty pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bring this cause of action against Farmers.  Specifically, Liberty's violations of the DTPA include, without limitation, the following matters:

A.     By its acts, omissions, failures, and conduct, Liberty has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Liberty's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.     Liberty represented to Plaintiffs that the Policy and Liberty's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.     Liberty also represented to Plaintiffs that the Policy and Liberty's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

8

D.   Furthermore, Liberty advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Liberty breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Liberty's actions are unconscionable in that Liberty took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Liberty's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Liberty's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

42.   Each of the above-described acts, omissions, and failures of Liberty is a producing cause of Plaintiffs' damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

43.   Liberty is liable to Plaintiffs for common law fraud.

44.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as they did, and Liberty knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

45. Liberty made the statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common law fraud.

## KNOWLEDGE

46. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

47. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

48. Since the claim was made, Liberty has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiffs. These damages are a direct result of Liberty's mishandling of Plaintiffs' claim in violation of the laws set forth above.

49. Defendant made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiffs suffered damages as a result.

10

50.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

51.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, consequential damages, together with attorney's fees.

52.    The damage to Plaintiffs' Property is estimated at $50,510.72.

53.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

54.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

55.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Liberty owed, and exemplary damages.

56.    Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with

11

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

57.   For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

58.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000, but no more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

60.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

61.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Montgomery County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant, Liberty Insurance Corporation, be cited and served to appear, and that upon trial hereof, Plaintiffs, Thomas and Aubrey Plumley, have and recover from Defendant, Liberty Insurance Corporation, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, Thomas and Aubrey Plumley, may show themselves justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson

13

Bar No. 24079587
cwilson@cwilsonlaw.com
Stephen Mengis
Bar No. 24094842
smengis@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFFS



USPS CERTIFIED MAIL™

Montgomery Co District Clerk
Barbara Gladden Adamick
301 N Main Street

Conroe      TX      77301

9214 8901 4633 9311 3157 66

Liberty Insurance Corporation
C/O Corporation Service Company
211 East 7th Street, Suite 620

Austin           TX   78701-3218



ZIP 77301
02  4W
0000337113 JUN. 03. 2016

US POSTAGE >> PITNEY BOWES

$ 006.22°